IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR190 |
| | ) | |
| v. | ) | |
| | ) | |
| ROMMEL SMITH, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Filing No. 127). Among other things, Smith argues the government engaged in misconduct in prosecuting his case and argues his trial counsel was ineffective. The Court finds his § 2255 motion is both procedurally barred and without merit.

Smith's § 2255 motion is procedurally barred because it was filed more than one year after the date on which the judgment of defendant's conviction became final. Section 2255 imposes a one-year limitations period in which prisoners in custody may bring a § 2255 motion. 28 U.S.C. § 2255(f)(1). On October 19, 2006, the Court entered an amended judgment (Filing No. 117) conforming to the opinion the Court of Appeals for the Eighth Circuit issued remanding the case to this Court for re-sentencing. *See United States v. Smith*, 450 F.3d 856 (8th Cir. 2006). The Court's amended judgment on October 19, 2006,

constituted Smith's final judgment of conviction, pursuant to § 2255(f)(1).  Smith, however, did not file his § 2255 motion until January 1, 2008.  Therefore, Smith's § 2255 motion was not timely and is procedurally barred.[1]

Furthermore, even if defendant had filed his § 2255 motion in a timely manner, his arguments supporting vacating his conviction are without merit.  First, several of the grounds Smith references in his motion are not discussed in his brief supporting the motion.  *Compare* Smith's § 2255 Motion, Filing No. 127, at 4, 6 (Grounds 2, 3, and 6-8), *with* Brief Supporting Smith's § 2255 Motion, Filing No. 136 (failing to mention or discuss these grounds as a basis for granting Smith's § 2255 motion).  Accordingly, the Court assumes Smith has waived those

---

[1] The Court acknowledges it incorrectly granted two "extensions" to Smith to file his § 2255 motion.  *See* Filing Nos. 121 & 123.  Upon further review, the Court finds that it was without jurisdiction to enter an extension to the time period for which Smith could file his § 2255 motion because no actual case or controversy was before the Court when the extensions were sought.  U.S. Const. art. III, § 2, cl. 1; *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("Irrespective of when a prisoner files a motion for extension of time, the district court must first determine whether the motion contains allegations supporting a claim for relief under section 2255. . . . If it does not, the district court has no jurisdiction . . . to consider the motion); *accord United States v. Cain*, No. 4:06CR3014, 2008 WL 5423845, at *4 (D. Neb. Dec. 30, 2008).  Under no circumstance could Smith's motions seeking an extension of time be construed as containing allegations sufficient to support a claim for relief under § 2255.  Accordingly, the Court lacked jurisdiction to grant Smith's motions to extend the filing deadline of his § 2255 motion, and the original deadline of October 19, 2007, remained in effect.

arguments.[2]  The grounds Smith did discuss in his brief supporting his § 2255 motion deal primarily with circumstances Smith characterizes as prosecutorial misconduct and ineffective assistance by his trial counsel.

With regard to Smith's claim that his conviction must be vacated due to prosecutorial misconduct, the Court finds Smith failed to raise this claim on direct appeal, so this claim is procedurally barred.  On direct appeal, Smith raised questions regarding the jury instructions given at trial, the sufficiency of evidence supporting his conviction, and the ineffectiveness of his trial counsel.[3]  *Smith*, 450 F.3d at 859, 860, 861.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'"  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Massaro v. United States*, 538 U.S. 500, 505 (2003).  Smith provides nothing supporting a conclusion that he is actually innocent.  With

---

[2] Even if Smith had briefed these arguments, the Court would find they lacked merit.  *Compare*, *e.g.*, Smith's § 2255 Motion at 7 (asserting the argument that Title 18 of the U.S. Code was unconstitutionally enacted), *with United States v. Collins*, 510 F.3d 697, 698 (7th Cir. 2007) (characterizing this argument as "unbelievably frivolous").

[3] The Court of Appeals did not reach the merits of Smith's ineffective assistance of counsel argument, so these claims are not procedurally barred from consideration by the Court.

regard to cause, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Smith cannot show cause for his procedural default in failing to raise his prosecutorial misconduct assertion on direct appeal.  No objective external factor impeded Smith from raising on direct appeal that there was prosecutorial misconduct underlying Smith's conviction.  Since Smith failed to raise the issue of prosecutorial misconduct upon direct appeal, and this procedural default is non-excusable, Smith is now barred from raising his prosecutorial misconduct argument here in the context of his § 2255 motion.

By contrast, Smith's claim of ineffective assistance of trial counsel satisfies the cause and prejudice requirements for procedural default, and is properly brought in his § 2255 motion. *Massaro*, 538 U.S. at 505; *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  Therefore, the Court will address the relative merits of this claim.

To establish an ineffective assistance of counsel claim within the context of a § 2255 motion, the movant must overcome a heavy burden.  *Apfel*, 97 F.3d at 1076.  For Smith to prevail on this claim, he must show both that "counsel's representation fell below an objective standard of reasonableness . . . and that

-4-

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Smith v. Spisak*, 130 S. Ct. 676, 685 (2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Smith asserts his trial counsel provided ineffective assistance because of the following omissions: (1) counsel failed to impeach the credibility of a witness who testified against Smith when the witness erroneously testified Smith lived with his mother in 2002; (2) counsel failed to adequately prepare for and conduct the trial; (3) counsel failed to object to the alleged prosecutorial conduct Smith perceived; (4) counsel failed to call Smith's uncle who would testify about Smith's financial situation; and (5) counsel failed to put forth defenses that Smith wanted to put forth. Even after making the dubious assumption that these omissions by Smith's counsel "fell below an objective standard of reasonableness," there is nothing to indicate that there was a reasonable probability that a jury would have returned a verdict in Smith's favor, but for these omissions. Thus, Smith cannot support a claim that his trial

counsel provided him with ineffective assistance. A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court